UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| JOHN DOE, a pseudonym, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. |
| | : | |
| BROWN UNIVERSITY, | : | |
|     Defendant. | : | **JURY DEMAND** |

## COMPLAINT

### Parties

1.  Plaintiff, John Doe[1] ("Plaintiff"), is a resident of North Carolina.

2.  Brown University ("Brown"), is a non-profit corporation duly formed and existing under the laws of the State of Rhode Island that operates a private university in Providence, Rhode Island. Upon information and belief, Brown is a recipient of federal financial assistance and/or other federal funding for research and development within the meaning of Title IX of the Education Amendments of 1972, codified at 20 U.S.C. § 1681 *et seq*. ("Title IX").

### Jurisdiction and Venue

3.  Jurisdiction exists in this Court pursuant to 28 U.S.C. § 1331 in that Plaintiff seeks redress for violations of his rights under the laws of the United States.

4.  Jurisdiction is proper pursuant to 28 U.S.C. § 1332 in that the parties are citizens of different states and the amount in controversy exceeds $75,000.

5.  Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

---

[1] Plaintiff has filed herewith a motion for leave to litigate this action under the pseudonym John Doe.

1

6.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391 in that a substantial part of the acts and omissions giving rise to these claims occurred in this district.

## Statement of Facts

7.     Plaintiff is a student at Brown.

8.     On April 20, 2022, Plaintiff was made aware of a complaint having been filed by a female Brown student ("Complainant") alleging that Plaintiff sexually assaulted her in the early morning hours of February 19, 2022 ("Title IX Complaint") in violation of Brown's <u>Sexual and Gender-based Harassment, Sexual Assault, Intimate Partner Violence, and Stalking Policy</u> (the "Title IX Policy").

9.     The nature of the Title IX Complaint made against Plaintiff is that he engaged in consensual sexual relations with the Complainant but then performed sexual acts on Complainant without first obtaining her affirmative, explicit consent.

10.    Brown appointed an internal investigator to conduct the investigation into the Title IX Complaint ("Investigator").

11.    Plaintiff exercised his right under Section 2.4 of Brown's Title IX Grievance Procedure ("Title IX Procedure") to be assisted by an adviser of his choosing.

12.    Plaintiff has chosen Kara Hoopis Manosh, Esq. and John R. Grasso, Esq. as his advisers ("Advisers").

13.    On July 13, 2022, Brown's Title IX & Gender Equity Office ("Title IX Office") made available to Plaintiff and his Advisers a redacted version of the Investigator's initial (draft) investigation report ("Draft Report") pursuant to Section 2.9.2 of the Title IX Procedure.

14.    Section 2.92 provides in pertinent part that:

> A redacted version of the draft investigation report and a redacted copy of
> all of the physical evidence submitted or obtained is shared electronically

with both parties who will have ten (10) business days from the date of delivery of the draft report to review and comment before the investigation report is finalized. The investigator does not make a final determination to whether a policy violation has occurred.

*   *   *   *   *

Note: To protect the privacy of the parties and safeguard the contents of the investigation report, ***the draft and final investigation report will be sent through an encrypted email that limits the parties' ability to edit, download, or print the investigation report***. These limitations will be amended as needed to adhere to reasonable accommodation related to a disability that is documented with the University.

Title IX Procedure, at pp. 4-5 (emphasis added).

15. The Draft Report is in excess of 120 pages of mostly single-spaced type and the encrypted email by which it was sent prohibits Plaintiff and his Advisers from downloading, printing or copying it, and from accessing it for longer than 15 minutes before being kicked off, required to log in again and having to start at the beginning.

16. The restricted format of the Draft Report made available to Plaintiff and his Advisers by way of an encrypted email is not meaningfully usable by them, imposes an undue burden on them, prevents them from reasonably reviewing the Draft Report, denies them the opportunity to print and mark up the Draft Report, and prohibits them from effectively providing comments (as expressly permitted by Section 2.9.2. of the Title IX Procedure).

17. The Title IX Procedure provides for a fundamentally unfair grievance procedure due to the severely restricted access Plaintiff has been provided to the Draft Report and the short period of time within which Plaintiff must complete his review and submit his comments.

18. On July 19, 2022, Plaintiff requested an additional ten (10) days within which to review the Draft Report and provide his comments.

19. On July 20, 2022, the Title IX Office provided Plaintiff an additional three (3) days, up to and including August 1, 2022, within which to review the Draft Report and provide his comments.

20. Despite the additional time, Plaintiff and his Advisers cannot effectively review and comment on the Draft Report without being provided a copy that is either in paper format, downloadable, or printable.

21. The Draft Report contains facts by the Investigator that are irrelevant to the Title IX Complaint and unfairly prejudicial to Plaintiff.

22. A basic and fundamental tenet of justice and fairness is the opportunity to be heard meaningfully.

23. The Investigator's inclusion of every aspect of evidence and witness account in favor of Complainant's version of events to the exclusion of material, exculpating evidence in favor of Plaintiff denies Plaintiff an opportunity to be heard meaningfully.

24. The Investigator has also redacted and/or withheld material information necessary for Plaintiff to defend Complainant's allegations, such as portions of Complainant's medical records, witness names, portions of witness statements, portions of Complainant's journal entries (only entries for 2/19/22, 2/20/22 and 4/4/22 have been produced) which change over time and conflict with Complainant's allegations.

25. The Investigator either cherrypicked portions of materials submitted by Complainant to include in the Draft Report that was incriminating to Plaintiff or allowed Complainant to submit only cherrypicked material in support of her allegations.

26. The Investigator investigated an allegation by Complainant, which was never previously disclosed to Plaintiff or part of any formal complaint, that she was diagnosed with a

virus which she attributes to acquiring from Plaintiff, and the Investigator included in the Draft Report a single medical record from Complainant.

27. The Investigator's inclusion of evidence in support of such an allegation without first informing Plaintiff of the allegation, constitutes an unfairly prejudicial ambush preventing Plaintiff from effectively and meaningfully defending against such an allegation.

28. With the vast majority of Title IX complaints being brought against males, a grievance process through which the accused is denied fundamental fairness operates to unfairly discriminate against males.

## COUNT I
### Discrimination in Violation of the Educational Amendments of 1972 (Title IX)
### 20 U.S.C. § 1681 *et seq.*

29. The prior paragraphs are incorporated herein by reference as if set forth in their entirety.

30. Under Title IX, it is unlawful for an educational institution receiving federal funds to discriminate on the basis of sex. A funding recipient has engaged in discrimination when it manifests deliberate indifference to discriminatory conduct directed at a student, of which it has actual knowledge.

31. Sexual harassment of a student by another student, including sexual assault and sex-based violence, triggers a funding recipient's duties under Title IX to respond with appropriate corrective measures, and an inadequate response by a funding recipient to a complaint violates its responsibilities under Title IX.

32. Brown's handling of the Title IX Complaint against Plaintiff has denied and limited, and will continue to deny and limit, his ability to participate in or benefit from Brown's education programs and activities.

33. At all relevant times, Brown had actual knowledge of its discriminatory grievance procedure and its handling of the Title IX Complaint.

34. Brown acted with deliberate indifference to the rights of Plaintiff through its clearly unreasonable and discriminatory handling of the Title IX Complaint, thus materially impairing Plaintiff's ability to pursue his education at Brown in violation of Title IX.

35. Brown, through its deliberate indifference, (i) appointed an investigator to investigate the Title IX Complaint who either included only cherry-picked information or witness accounts in her Draft Report that is incriminating to Plaintiff while omitting other exculpating information or allowed Complainant to submit only cherrypicked information and materials supportive of her allegations, (ii) failed to investigate properly the Title IX Complaint by limiting the investigation to the allegations made in the Title IX Complaint and considering all relevant evidence, (iii) promulgated a grievance procedure that denies Plaintiff the ability to effectively review and comment on the Investigator's Draft Report, (iv) promulgated a grievance procedure that denies Plaintiff sufficient time to effectively review and comment on the Draft Report, and (v) denied Plaintiff an environment where he could participate in and/or benefit from Brown's education programs and activities free from discrimination and harassment.

36. As a direct and proximate result of Brown's practices detailed above that were sufficiently severe to interfere with Plaintiff's ability to participate in and enjoy the benefits of the educational services offered by Brown, and as a direct and proximate result of Brown's deliberate indifference to Plaintiff's right to be free from discrimination based on sex, Plaintiff was denied access to a safe and secure educational environment in violation of Title IX, and was otherwise injured.

## COUNT II
## Breach of Contract

37. The prior paragraphs are incorporated herein by reference as if set forth in their entirety.

38. The Title IX Procedure constitutes a binding contract between Plaintiff and Brown that requires Brown to afford Plaintiff the right to a fundamentally fair and prompt investigation and hearing process.

39. Brown breached the Title IX Procedure by (i) appointing an investigator to investigate the Title IX Complaint who either included only cherry-picked information or witness accounts in her Draft Report that is incriminating to Plaintiff while omitting other exculpating information or allowed Complainant to submit only cherrypicked information and materials supportive of her allegations, (ii) failing to investigate properly the Title IX Complaint by limiting the investigation to the allegations made in the Title IX Complaint and considering all relevant evidence, (iii) denying Plaintiff the ability to effectively review and comment on the Investigator's Draft Report, (iv) denying Plaintiff sufficient time to effectively review and comment on the Draft Report, and (v) otherwise denying Plaintiff fundamental due process as promised.

40. Plaintiff fulfilled all of his obligations under the Title IX Procedure or was otherwise excused from doing so under the circumstances.

41. As a proximate result of Brown's breach, Plaintiff has and will incur substantial damages and/or will be irreparably harmed if Brown is not compelled to suspend immediately the hearing process, provide Plaintiff and his Advisers a copy of the Draft Report that is either in paper format, downloadable, or printable, and afford Plaintiff an additional ten (10) days from the date he receives such version of the Draft Report to submit his comments.

**WHEREFORE**, Plaintiff prays that a judgment for the following relief be entered in his favor and against Brown for:

(a) compensatory damages to be determined by the trier of fact at trial;

(b) a mandatory injunction compelling Brown to suspend immediately the hearing process, provide Plaintiff a copy of the Draft Report that is either in paper format, downloadable, or printable, and afford Plaintiff an additional ten (10) days from the date he receives such version of the Draft Report to submit his comments, and, to the extent necessary, invalidate any finding that Plaintiff is responsible for the allegations against him resulting from an investigation and/or hearing that this Court finds to have been fundamentally unfair;

(c) reasonable attorneys' fees pursuant to 42 U.S.C. § 1988 and costs; and

(d) such other and further relief as the Court deems just and proper.

**PLAINTIFF DEMANDS TRIAL BY JURY AS TO ALL ISSUES SO TRIABLE.**

JOHN DOE,
Plaintiff,
By his Attorneys,

/s/ Stephen J. Brouillard
Stephen J. Brouillard, Esq. #6284
Bianchi Brouillard Sousa & O'Connell, P.C.
56 Pine Street, Suite 250
Providence, RI 02903
(401) 223-2990 *telephone*
(877) 548-4539 *facsimile*
sbrouillard@bbsolaw.com

and

/s/ John R. Grasso
John R. Grasso, Esq. #7495
Law Office of John R. Grasso, Inc.
72 Clifford Street, 3rd Floor
Providence, RI 02903
(401) 272-4001 *telephone/facsimile*
jrg@grassolaw.com

Dated: July 28, 2022